UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Anita Colon-Lockhart,

        Plaintiff,

                          Case No: 14-14336
                          Hon. VICTORIA A. ROBERTS

v.

Commissioner of
Social Security,

        Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT
AND MOTION FOR SUMMARY JUDGMENT**

**I.   Introduction**

Plaintiff Anita Colon-Lockhart ("Colon-Lockhart") appeals the Commissioner of Social Security's denial of her application for Disability Insurance Benefits.  The parties filed cross-motions for summary judgment which the Court referred to Magistrate Judge R. Steven Whalen.  In a Report and Recommendation ("R&R") dated December 29, 2015, Magistrate Judge Whalen recommended Defendant's Motion for Summary Judgment be granted.  Colon-Lockhart filed timely objections to the R&R.  Those objections are fully briefed and before this Court for final decision.

While the R&R was pending for consideration, Colon-Lockhart filed a Motion and Brief to Amend Complaint and Motion for Summary Judgment (Doc. #25).  Defendant responded.

1

These Motions are **DENIED**.

## II.    Discussion

Colon-Lockhart says that while this matter has been pending, she filed a new application for Social Security Disability Insurance Benefits. Based on the new application, the Social Security Administration determined Colon-Lockhart met the requirements for disability as of August 10, 2013, the day after the unfavorable ALJ decision which is at issue.

Colon-Lockhart says this determination of disability should be considered new and material evidence concerning the severity of her disability. Colon-Lockhart says this evidence was not available at the time of the ALJ decision and is highly material.

42 U.S.C.A. § 405(g) contains two sentences which discuss federal court remands, often referenced as "sentence four" and "sentence six." See, *Melkonyan v. Sullivan*, 501 U.S. 89, 90 (1991). Under sentence four, the court may remand in conjunction with a substantive ruling affirming, modifying, or reversing the Commissioner's decision. *Id*. at 98. The Court may reverse with or without remanding the case for a hearing. *Id*. However, the Court may not remand under sentence four based on evidence that was not presented to the ALJ. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 725 n.3 (6th Cir. 2014). Under sentence six, the court may remand in light of additional evidence without making a substantive ruling as to the correctness of the decision, but only if the evidence is material and the claimant shows good cause for failing to present it earlier. *Melkonyan v. Sullivan*, 501 U.S. at 100.

In this motion for Summary Judgment, Colon-Lockhart requests remand under

sentence four with an order to enter an award of benefits, or in the alternative, a new hearing. 42 U.S.C. § 405(g). Alternatively, Colon-Lockhart seeks to have Defendant's decision set aside and the matter remanded for new proceedings under sentence six. Colon-Lockhart also asks to be allowed to amend her complaint.

Colon-Lockhart's argument is unavailing. Colon-Lockhart asks for relief on the basis of evidence that was not before the ALJ - this is inappropriate under sentence four. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d at0 725 n.3 (6th Cir. 2014).

Colon-Lockart's alternative request for relief under sentence six also fails. The mere existence of a subsequent favorable decision, without more, is not evidence that can change the outcome of a prior proceeding under a sentence six remand. *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653 (6th Cir. 2009). A sentence six remand is appropriate only if the subsequent decision is supported by new and material evidence which the claimant had good cause for not raising in the prior proceeding. *Id.* The claimant has the burden to show more than the possibility of new evidence; he or she must also show that there actually is new evidence which is material and that there is good cause for failure to incorporate it into the prior record. *Id.*

Colon-Lockhart does not meet her burden. She attached the new favorable decision to her Motion. However, she fails to address whether there is any new and material evidence that supports the decision. Nor does she discuss why it was not part of the prior record. On these facts, *Allen* controls and a remand is not warranted.

**III.    Conclusion**

Colon-Lockhart's Motions (Doc. #25) are **DENIED**.

3

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 25, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 25, 2016.

s/Linda Vertriest
Deputy Clerk